UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:96-CR-32-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| COLON GRAY FRAZIER | ) | |

This matter is before the court on defendant's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 2255. (DE # 171.)

In 1996, defendant pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack). At sentencing, the court determined that defendant was accountable for 3,345 grams of crack, (PSR ¶ 14), and sentenced defendant to 360 months imprisonment. Defendant did not appeal.

In 2009, defendant, with the assistance of counsel, filed a motion for a sentence reduction under § 3582(c)(2). (DE # 162.) That motion was based on the 2008 retroactive amendments to the sentencing guidelines pertaining to crack offenses. With the amended guidelines, defendant's base offense level was reduced to 36, (id.), thereby having the effect of lowering defendant's applicable guideline sentencing range. The court allowed the motion and reduced defendant's sentence of imprisonment to 292 months. (DE # 163.)

With the instant motion, defendant appears to contend, in part, that he is eligible for a sentence reduction based on the Fair Sentencing Act of 2010 ("FSA") and the 2011 retroactive amendments to the sentencing guidelines pertaining to crack offenses. Insofar as defendant's argument is based on the FSA, the Act is only retroactively applicable to defendants sentenced after its effective date of 3 August 2010. Dorsey v. United States, 132 S. Ct. 2321, 2335 (2012).

Defendant was sentenced well before that date, so the FSA itself has no effect on defendant's sentence. The 2011 retroactive guideline amendments did lower the base offense levels for crack offenses. However, because of the quantity of crack for which defendant is accountable, defendant's base offense level remains 36, see U.S.S.G. § 2D1.1(c)(2) (2013) (providing for a base offense level of 36 when the quantity of crack is at least 2.8 kilograms but less than 8.4 kilograms), and thus, the amended guidelines do not affect defendant's guideline sentencing range. Accordingly, defendant is not eligible for a further sentence reduction under § 3582(c)(2). See United States v. Jones, Criminal No. DKC 02-0077, 2013 WL 3482211, at *2 (D. Md. July 10, 2013) (holding that the defendant was not eligible for a sentence reduction where the applicable guideline range is the same as when the court reduced the defendant's sentence pursuant to the 2008 guidelines amendments).

In his motion, defendant also raises a challenge to his sentence under 28 U.S.C. § 2255 based on the recent decision of Alleyne v. United States, 133 S. Ct. 2151 (2013). If defendant intends to pursue this challenge, he must file a § 2255 motion on the appropriate form, a copy of which the Clerk will provide to him.

The motion for a sentence reduction based on 18 U.S.C. § 3582(c)(2) is DENIED, and to the extent defendant's motion is based on 28 U.S.C. § 2255, the motion is DISMISSED WITHOUT PREJUDICE. The Clerk is DIRECTED to mail defendant a copy of form AO 243.

This 11 December 2013.

W. Earl Britt
Senior U.S. District Judge